**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
Norfolk Division

ZIAD MOHAMMED SHEHADA
ABUQARE,

      Petitioner,

      v.

PAUL PERRY, *et al.,*

      Respondents.

Case No. 2:26-cv-207

**OPINION & ORDER**

Immigration and Customs Enforcement (ICE) has detained Petitioner Ziad Mohammed Shehada Abuqare at the Caroline Detention Facility in Bowling Green, Virginia since January 17, 2025. The petitioner seeks a writ of habeas corpus under 28 U.S.C. § 2241, alleging his continued detention violates the Fifth Amendment to the United States Constitution. ECF No. 1. The petitioner demonstrates that the government is not likely to remove him from the United States in the foreseeable future, and the government fails to rebut that showing. Therefore, the petition will be **GRANTED**.

**I.      BACKGROUND**

The petitioner is a native and citizen of Palestine. ECF No. 6-1 ¶ 5. The government arrested him on January 17, 2025, and he has been in custody ever since. *Id.* ¶ 6. He is subject to a removal order that became administratively final on August 19, 2025. *Id.* ¶ 12. On December 28, 2025, the government attempted to remove the

petitioner from the United States via a flight destined for Israel, with the intent to move the petitioner from Israel to Palestine by land. ECF No. 9-2 ¶ 6. The government possessed a travel document that would have allowed the petitioner to enter Israel, but the petitioner refused to board the removal flight. *Id.* ¶ 6; ECF No. 6-1 ¶ 13. The petitioner remains in government custody. ECF No. 6-1 ¶ 17.

On April 30, 2026, the Honorable Lawrence R. Leonard ordered the government to explain what further steps, if any, it had taken to effectuate Petitioner's removal since December 28, 2025. ECF No. 8. The government reported that (1) from December 31, 2025 through March 3, 2026, Enforcement and Removal Operations (ERO) requested another travel document for the petitioner and twice requested an update; and (2) ERO "discussed . . . pursuing" removal to a third country, but the petitioner had not agreed to removal to "any country discussed." ECF No. 9-2 ¶¶ 9–11, 14.

Judge Leonard issued a report and recommendation (R&R) recommending that this Court grant the petition and order the petitioner's immediate release. ECF No. 10; *see* 28 U.S.C. § 636(b)(1)(C). The R&R concludes that: (1) the petitioner's detention is no longer presumptively reasonable, (2) the petitioner demonstrated his removal is not reasonably foreseeable, (3) the government failed to rebut that showing, and (4) immediate release is the proper remedy. ECF No. 10 at 7–11.

The government filed written objections to conclusions (2) and (3).[1] ECF No. 11 at 3–6. Contemporaneously, the government notified the Court that the "[p]etitioner is scheduled for a charter flight to be removed from the United States within the next two weeks." ECF No. 11-1 ¶ 5 (filed June 1, 2026).

## I.   LEGAL STANDARDS

### A.   Habeas Corpus & Due Process

Congress has authorized federal courts to issue a writ of habeas corpus to a person who "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). The protections of the habeas power are "strongest" in the context of "reviewing the legality of [e]xecutive detention." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001)).

The Due Process Clause of the Fifth Amendment provides that no person shall "be deprived of life, liberty, or property, without due process of law." U.S. Const. amend. V. The Due Process Clause extends to all persons, including "aliens, whether their presence [in the United States] is lawful, unlawful, temporary, or permanent." *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001). "[H]abeas corpus in the federal courts provides a mode for the redress of denials of due process of law." *Fay v. Noia*, 372 U.S.

---

[1] Additionally, the government purports to "object to the conclusion that caselaw concerning a petitioner's refusal to board a flight are distinguishable from [this] case." ECF No. 11 at 5 (title casing removed). As presented, that argument is entirely unmoored from the legal standard. The fact that the petitioner was not removed from the United States in December 2025 has no bearing on the outcome here. Since the petitioner was solely responsible for the government's failure to remove him on that occasion, that failure says nothing about the likelihood that the government will remove him in the reasonably foreseeable future. Therefore, the government's objection on this ground is **OVERRULED**.

391, 402 (1963), *overruled on other grounds by Wainwright v. Sykes*, 433 U.S. 72 (1977)).

**B.      Detention Pending Removal from the United States**

After an order of removal becomes final, the Attorney General "shall detain" the person subject to the order during the 90-day removal period established under 8 U.S.C. § 1231 (a)(2); *see Zadvydas*, 533 U.S. at 683. Beyond that, detention is presumptively reasonable for up to six months, but after the six-month period has elapsed, if the detainee demonstrates "that there is no significant likelihood of removal in the reasonably foreseeable future," then the government must respond with evidence sufficient to rebut that showing. *Id.* at 701. "[O]nce removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute." *Id.* at 699.

**C.      Review of Magistrate Judge Findings**

When a party files a written objection to a report and recommendation issued by a magistrate judge, the district court must determine *de novo* "those portions of the report or specified findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see* Fed. R. Civ. P. 72(b)(3). The court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

In the absence of a specific written objection, the Court may adopt a magistrate judge's recommendations without conducting a *de novo* review, unless the recommendations are clearly erroneous or contrary to law. *See* Fed. R. Civ. P. 72(b)(2);

4

*Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982); *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005).

## III.   ANALYSIS

### A.   Presumption

The government does not object to Judge Leonard's finding that the petitioner has been detained longer than six months, so his detention is no longer presumptively valid. *See* ECF No. 10 at 7; *see generally* ECF No. 11. Accordingly, the Court adopts that conclusion and will analyze the petition using the *Zadvydas* framework. *See* Fed. R. Civ. P. 72(b)(2).

### B.   Petitioner's Initial Showing

The petitioner carries his initial burden to show that the government is not significantly likely to remove him from the United States in the foreseeable future. *See Zadvydas*, 533 U.S. at 701. The government contends that "the only evidence [the] [p]etitioner puts forth to suggest that his removal is not reasonably foreseeable are now-concluded withholding-only proceedings." ECF No. 11 at 4 (citing ECF No. 6 at 7).[2] But the petitioner attested that he has "cooperated with ICE in securing travel documents but ICE has not deported [him]." ECF No. 1 at 6. That is enough.[3]

---

[2] Strangely, the government cites its own brief, not the verified petition.

[3] The R&R is **NOT ADOPTED** to the extent it collapses *Zadvydas*'s burden-shifting scheme and relies on the government's evidence to conclude that the petitioner made the required initial showing. *See* ECF No. 10 at 7–8.

### C.     Government's Rebuttal

The government fails to rebut the petitioner's evidence with proof that removal is reasonably foreseeable, because the government does not show that any country is presently willing to accept the petitioner.

Despite repeated inquiries, ERO apparently has not obtained another travel document for the petitioner. *See* ECF No. 9-2 ¶¶ 9–11. And though ERO has "discussed . . . pursuing" removal to a third country, the government identifies no particular country under discussion, much less one willing to accept the petitioner or any timeline for his removal. *Id.* ¶ 14.

The petitioner has been in ICE custody for more than 18 months. At this point, the government's mere continued interest in removing the petitioner, absent a firm plan, is not enough to carry its burden. *See Zadvydas*, 533 U.S. at 701 ("[F]or detention to remain reasonable, as the period of . . . confinement grows, what counts as the 'reasonably foreseeable future' conversely would have to shrink.").

Nor does the government's representation that the petitioner was "scheduled for a charter flight to be removed from the United States" in June 2026 satisfy the *Zadvydas* standard. ECF No. 11-1 ¶ 5. The problem was never that the government failed to put the petitioner's name on a list of possible passengers for a scheduled flight. Critically, the government still does not represent that it has obtained travel documents for the petitioner or that any particular country has agreed to accept him. *See generally* ECF No. 11-1. Given how easy it would have been to provide that

testimony if it were true, the Court cannot find that the government proved more than it stated.

### D.    Remedy

The government does not object to Judge Leonard's conclusion that the appropriate remedy for the due process violation at issue here is immediate release from custody. *See* ECF No. 10 at 11 (citing *Zadvydas*, 533 U.S. at 699); *see generally* ECF No. 11. Finding no clear error, the Court adopts that recommendation. *See* Fed. R. Civ. P. 72(b)(2).

## IV.    CONCLUSION

The Honorable Lawerence R. Leonard's report and recommendation (ECF No. 10) is **ADOPTED WITH MODIFICATION** as described herein.

Petitioner Ziad Mohammed Shehada Abuqare's petition for a writ of habeas corpus (ECF No. 1) is **GRANTED**.

The government **SHALL** immediately release the petitioner from custody and shall file a notice with the Court on or before July 24, 2026, affirming that it has complied with this Order.

The government is **ENJOINED** from rearresting the petitioner, unless he has committed a new violation of any federal, state, or local law, or has failed to attend any properly noticed immigration or court hearing or is subject to detention pursuant to a final order of removal.

The government is **FURTHER ENJOINED** from invoking the automatic stay provision at 8 C.F.R. § 1003.19(i)(2).[4]

The Clerk is **DIRECTED** to send a copy of this Opinion and Order to the petitioner.

**IT IS SO ORDERED**.

/s/

Jamar K. Walker
United States District Judge

Norfolk, Virginia
July 22, 2026

---

[4] Courts in this district have found that "the automatic stay imposed in immigration cases constitutes an unequivocal violation of due process." *Hasan v. Crawford*, 800 F. Supp. 3d 641, 661 (E.D. Va. 2025).